The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Kathleen Gallelli

## DEFENDANTS
Reliance Standard Life Insurance Company

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Laura C. Mattiacci, Esq., Console Mattiacci Law, LLC, 1525 Locust Street, 9th Floor, Phila., PA 19102; 215-545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability |  | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander |  | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability |  | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine |  | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending |  |  | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise |  | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee |  | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [X] 442 Employment / [ ] 510 Motions to Vacate Sentence |  | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/Accommodations / [ ] 530 General |  | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** | [ ] 462 Naturalization Application |  | [ ] 950 Constitutionality of State Statutes |
|  | [ ] 448 Education / [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions |  |  |
|  | [ ] 550 Civil Rights |  |  |  |
|  | [ ] 555 Prison Condition |  |  |  |
|  | [ ] 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. § 621, et seq. ("ADEA"), 43 P.S. §951, et seq. ("PHRA"), Phila. Code § 9-1100, et seq. ("PFPO").
Brief description of cause:
Plaintiffs brings this claim for age discrimination.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- **DEMAND $** In excess of $75,000
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 4/26/2021
SIGNATURE OF ATTORNEY OF RECORD: /s/ Laura C. Mattiacci

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Philadelphia, PA 19145 _____

Address of Defendant: _____ 1700 Market Street, #1200, Philadelphia, PA 19103 _____

Place of Accident, Incident or Transaction: _____ 1700 Market Street, #1200, Philadelphia, PA 19103 _____

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when **Yes** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes [ ]   No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes [ ]   No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes [ ]   No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes [ ]   No [✓]

I certify that, to my knowledge, the within case [ ] is / [ ] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 04/26/2021 _____   /s/ Laura C. Mattiacci _____   89643 _____
                                                           Attorney-at-Law / Pro Se Plaintiff                              Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

**A.**   *Federal Question Cases:*
- [ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
- [ ] 2. FELA
- [ ] 3. Jones Act-Personal Injury
- [ ] 4. Antitrust
- [ ] 5. Patent
- [ ] 6. Labor-Management Relations
- [✓] 7. Civil Rights
- [ ] 8. Habeas Corpus
- [ ] 9. Securities Act(s) Cases
- [ ] 10. Social Security Review Cases
- [ ] 11. All other Federal Question Cases
  *(Please specify):* _____

**B.**   *Diversity Jurisdiction Cases:*
- [ ] 1. Insurance Contract and Other Contracts
- [ ] 2. Airplane Personal Injury
- [ ] 3. Assault, Defamation
- [ ] 4. Marine Personal Injury
- [ ] 5. Motor Vehicle Personal Injury
- [ ] 6. Other Personal Injury *(Please specify):* _____
- [ ] 7. Products Liability
- [ ] 8. Products Liability – Asbestos
- [ ] 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Laura C. Mattiacci _____, counsel of record *or* pro se plaintiff, do hereby certify:

[☒] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[☒] Relief other than monetary damages is sought.

DATE: 04/26/2021 _____   /s/ Laura C. Mattiacci _____   89643 _____
                                                           Attorney-at-Law / Pro Se Plaintiff                              Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Kathleen Gallelli | : | CIVIL ACTION |
| v. | : | |
| Reliance Standard Life Insurance Company | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( X )

| 4/26/2021 | /s/ Laura C. Mattiacci | Plaintiff, Kathleen Gallelli |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-565-2852 | mattiacci@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHLEEN GALLELLI<br>Philadelphia, PA 19145 | CIVIL ACTION NO. |
| Plaintiff, | |
| v. | |
| RELIANCE STANDARD LIFE<br>INSURANCE COMPANY<br>1700 Market Street #1200<br>Philadelphia, PA 19103 | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

### I.   INTRODUCTION

Plaintiff was terminated by Defendant at the age of fifty-nine (59) after she complained of age discrimination. Plaintiff is a Human Resources ("HR") professional with over twenty-five (25) years of experience, and she last held the position of Talent Acquisition Partner at Defendant. Defendant consistently rated Plaintiff's performance as "Fully Satisfactory" or "Commendable" and she had no disciplinary issues until her sixty (60)[1] years old supervisor was pushed out because of his age, and Plaintiff started reporting to Patrick Wicks ("Wicks"), age thirty-eight (38). Wicks treated Plaintiff in a hostile and dismissive manner. Shortly after Plaintiff objected to an age-based comment made by one of Wicks' substantially younger direct reports, Plaintiff was placed on an unwarranted Performance Improvement Plan ("PIP"). Plaintiff complained verbally and in writing of

---

[1] All allegations as to ages of individuals other than Plaintiff are made to the best of Plaintiff's knowledge.

age discrimination. Despite being told by her supervisors that she was successfully complying with the terms of the PIP, Defendant terminated Plaintiff's employment and hired a twenty-seven (27) years old, less qualified, employee to replace her. The termination has had a devastating impact on Plaintiff, financially and emotionally.

Plaintiff now brings claims pursuant to the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621, et seq. ("ADEA"), the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, as amended, Phila. Code § 9-1100, *et seq.* ("PFPO"). Plaintiff seeks injunctive and declarative relief, damages, including economic, compensatory, liquidated, and punitive damages, attorneys' fees and costs and all other relief this Court deems appropriate.

**II.    PARTIES**

1. Plaintiff, Kathleen Gallelli, is an individual and a citizen of the Commonwealth of Pennsylvania. She resides in Philadelphia, Pennsylvania.

2. Plaintiff was born in April 1959 and was age fifty-nine (59) when Defendant terminated her employment.

3. Defendant, Reliance Standard Life Insurance Company, is an Illinois corporation that is registered and authorized to do business in the Commonwealth of Pennsylvania with a principal place of business and administrative office located at 1700 Market Street, Suite 1200, Philadelphia, PA 19103.

4. Defendant is engaged in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania.

5. At all times material hereto, Plaintiff worked out of Defendant's former

principal place of business and administrative office at 2001 Market Street, Suite 1500, Philadelphia, PA 19103.

6. At all times material hereto, Defendant employed more than twenty (20) employees.

7. At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

8. At all times material hereto, Defendant acted as an employer within the meaning of the statutes which form the basis of this matter.

9. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the statutes which form the basis of this matter.

### III.   JURISDICTION AND VENUE

10. The causes of action which form the basis of this matter arise under the ADEA, the PHRA, and the PFPO.

11. The District Court has jurisdiction over Count I (ADEA) pursuant to 28 U.S.C. §1331.

12. The District Court has jurisdiction over Count II (PHRA) pursuant to 28 U.S.C. §1367.

13. The District Court has jurisdiction over Count III (PFPO) pursuant to 28 U.S.C. §1367.

14. Venue is proper in the District Court under 28 U.S.C. §1391(b).

15. On or about March 28, 2019, Plaintiff filed a Complaint of Discrimination with the Pennsylvania Human Relations Commission ("PHRC") complaining of acts of

discrimination and retaliation alleged herein. The Complaint was cross-filed with the Equal Employment Opportunity Commission ("EEOC"). Attached hereto, incorporated herein and marked as Exhibit "1" is a true and correct copy of the PHRC Complaint of Discrimination (with personal identifying information redacted).

16. On or about June 4, 2019, Plaintiff filed an Amended Complaint of Discrimination with the PHRC complaining of acts of discrimination and retaliation alleged herein. The Amended Complaint was cross-filed with the EEOC. Attached hereto, incorporated herein and marked as Exhibit "2" is a true and correct copy of the Amended PHRC Complaint of Discrimination (with personal identifying information redacted).

17. On or about February 1, 2021, the EEOC issued to Plaintiff a Notice of Right to Sue. Attached hereto, incorporated herein and marked as Exhibit "3" is a true and correct copy of that Notice (with minor redactions for purposes of electronic filing of confidential/identifying information).

18. Plaintiff is filing this complaint within ninety (90) days of her receipt of this Notice.

19. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

IV.   **FACTUAL ALLEGATIONS**

20. Plaintiff was hired by Defendant on or about September 2, 2014.

21. Plaintiff consistently performed her job duties in a highly competent manner.

22. Plaintiff last held the position of Talent Acquisition Partner.

23. Plaintiff last reported to Patrick Wicks (38), Director, Talent Acquisition.

Wicks (38) reported to Robin Harris (49), Senior Vice President of Human Resources. Harris (49) reported to Christopher Fazzini (56), President and Chief Executive Officer.

24. Before Plaintiff began reporting to Wicks (38), Plaintiff had been reporting to Paul Champi (59), Assistant Vice President, Human Resources.

25. In or about August 2017, Defendant pushed out Champi (59).

26. In or about November 2017, Plaintiff began reporting to Wicks (38).

27. Plaintiff was the oldest employee reporting to Wicks (38).

28. Wicks (38) had no role in Plaintiff being hired.

29. Before Plaintiff began reporting to Wicks (38), Plaintiff had no performance or disciplinary issues and no indication that she was underperforming or that her job was in jeopardy.

30. Before Plaintiff began reporting to Wicks (38), she received positive performance reviews.

31. In April 2018, Wicks (38) told Plaintiff that she should look for a position outside of the Human Resources Department.

32. In September 2018, Defendant hired Kelly Johnson (24), Talent Acquisition Specialist, reporting to Wicks (38).

33. Defendant treated Plaintiff worse, and in a more hostile and dismissive manner, than the younger employees, including Johnson (24).

34. In or about mid-November 2018, Plaintiff heard Johnson comment that another employee was "older than dirt." Plaintiff objected to Johnson's comment, and told Johnson (24) that she could not state that an employee is "older than dirt."

35. Employees of Defendant used the word "old" when discussing employees

5

and their ages.

36. On November 27, 2018, in a meeting with Wicks (38) and Viola Lazzar (61), Senior Human Resources Business Partner, Defendant placed Plaintiff on a PIP.

37. The PIP was scheduled to run for two (2) months.

38. Before the PIP meeting, Plaintiff had no indication that Defendant allegedly found her performance deficient.

39. Defendant unjustly criticized Plaintiff's behavior and performance.

40. Plaintiff was reprimanded for telling Johnson (24) that she could not state that an employee was "older than dirt."

41. Plaintiff complained that Johnson (24) should not state that an employee was "older than dirt," since it was obviously an age-based comment.

42. Johnson (24) was praised, and Plaintiff was told that Johnson (24) was a welcomed addition to the department.

43. Plaintiff complained that Defendant was treating Johnson (24) much better than Plaintiff.

44. Plaintiff was Wicks' only direct report who was placed on a PIP on November 27, 2018.

45. Defendant failed to provide Plaintiff with any explanation as to how her performance was allegedly worse than that of younger and noncomplaining employees who were not placed on a PIP.

46. Plaintiff complied with the terms of the PIP.

47. On December 3, 2018, Plaintiff provided to Wicks (38) her written rebuttal to the PIP.

48. In Plaintiff's written rebuttal, she complained of age discrimination.

49. Plaintiff complained that she "find it offensive that the word 'old' is frequently used when discussing people and referring to their ages." Plaintiff complained that, "[a]s an example," she "was told, 'he is older than dirt.'"

50. Wicks (38) refused to discuss Plaintiff's rebuttal, including her age discrimination complaints, with her.

51. Defendant did not investigate Plaintiff's complaints of age discrimination.

52. Defendant failed to remedy or prevent the age discrimination against Plaintiff.

53. In or about early January 2019, Plaintiff was told by Harris (49) that it had been a while since she had studied and attended school. Plaintiff understood this comment, and the tone in which it was said, to be evidence of an age bias.

54. Plaintiff was held to a more stringent standard than the younger employees at Defendant were held.

55. On or about January 26, 2019, Plaintiff's PIP ended.

56. On March 6, 2019, in a meeting with Wicks (38) and Lazzar, Plaintiff's performance was criticized and Plaintiff was treated in a hostile and demeaning manner.

57. On March 6, 2019, in a second meeting with Wicks (38) and Lazzar, Defendant terminated Plaintiff's employment, effective immediately.

58. Defendant presented Plaintiff with two (2) options: resign; or be terminated.

59. The stated reason for Plaintiff's termination was that "this [wa]s not the position for [her]."

60. Plaintiff was Wick's only direct report terminated on March 6, 2019.

61. Defendant retained all employees directly reporting to Wicks (38), all of whom were substantially younger: Johnson (24), Talent Acquisition Specialist; Kathleen McAvoy (25), Human Resources Assistant; and Ronda Hill (45), Receptionist. Plaintiff was more qualified to perform these employees' positions.

62. Defendant replaced Plaintiff with Kem Ukogu (28), Corporate Functions and Diversity Acquisition Specialist. Plaintiff was more qualified to perform her position and job duties than the substantially younger employee with whom Defendant replaced her.

63. Defendant's stated reason for Plaintiff's termination is pretext.

64. Plaintiff's age was a motivating and/or determinative factor in connection with Defendants' discriminatory and retaliatory treatment of Plaintiff, including without limitation placing her on an unwarranted PIP and terminating her employment.

65. Plaintiff's opposition to and complaints of age discrimination were motivating and/or determinative factors in connection with Defendant's retaliatory treatment of Plaintiff, including without limitation, placing her on an unwarranted PIP and terminating her employment.

66. As a direct and proximate result of the discriminatory and retaliatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

67. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless

and until this Court grants the relief requested herein.

## COUNT I – ADEA

68. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint, as if fully set forth herein.

69. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated the ADEA.

70. Defendant's violations of the ADEA were intentional and willful under the circumstances, warranting the imposition of liquidated damages.

71. As a direct and proximate result of Defendants' violation of the ADEA, Plaintiff has suffered the injuries, damages, and losses set forth herein.

72. Plaintiff is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

73. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

74. No previous application has been made for the relief requested herein.

## COUNT II – PHRA

75. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint, as if fully set forth herein.

76. Defendant, by the above improper and discriminatory and retaliatory acts, has violated the PHRA.

77. Defendant's violations of the PHRA were intentional and willful.

78. As a direct and proximate result of Defendant's violation of the PHRA,

Plaintiff has sustained the injuries, damages, and losses set forth herein.

79. Plaintiff is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

80. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

81. No previous application has been made for the relief requested herein.

### COUNT III – PFPO

82. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint, as if fully set forth herein.

83. Defendant, by the above improper and discriminatory and retaliatory acts, has violated the PFPO.

84. Defendant's violations of the PFPO were intentional and willful, warranting the imposition of punitive damages.

85. As a direct and proximate result of Defendant's violation of the PFPO, Plaintiff has sustained the injuries, damages, and losses set forth herein.

86. Plaintiff is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein

87. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

88. No previous application has been made for the relief requested herein.

**RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant:

(a) declaring the acts and practices complained of herein to be in violation of the ADEA;

(b) declaring the acts and practices complained of herein to be in violation of the PHRA;

(c) declaring the acts and practices complained of herein to be in violation of the PFPO;

(d) enjoining and permanently restraining the violations alleged herein;

(e) entering judgment against the Defendant and in favor of the Plaintiff in an amount to be determined;

(f) awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(g) awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(h) awarding liquidated damages to Plaintiff;

(i) awarding punitive damages to Plaintiff;

(j) awarding Plaintiff the costs of this action, together with reasonable attorney's fees;

(k) awarding Plaintiff such other damages as are appropriate under the ADEA, PHRA and PFPO; and

(l) granting such other and further relief as this Court deems appropriate.

                                        **CONSOLE MATTIACCI LAW, LLC**

Dated: April 26, 2021        BY:    */s/ Laura C. Mattiacci*
                                                    Laura C. Mattiacci, Esquire
                                                    1525 Locust Street, 9th Floor
                                                    Philadelphia, PA 19102
                                                    Telephone: (856) 854-4000
                                                    Facsimile: (215) 565-2852
                                                    mattiacci@consolelaw.com

                                                   *Attorney for Plaintiff*
                                                   *Kathleen Gallelli*